**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ALVIN JACKSON/RAHMAN X**                                                                 **PLAINTIFF**
**ADC #SK-941**

V.                                       **CASE NO. 5:09CV00186 SWW/BD**

**SEDRIC T. FRANKLIN,** *et al.*                                                            **DEFENDANTS**

RECOMMENDED DISPOSITION

I.    Procedures for Filing Objections

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  Introduction

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed the Complaint in this case pro se under 42 U.S.C. § 1983 (docket entry #2), along with a motion for leave to proceed *in forma pauperis* (#1).  This Court granted Plaintiff leave to proceed *in forma pauperis* and ordered him to file an amended complaint specifically stating his grounds for relief (#3).  Plaintiff has now amended his complaint (#5).  In the Complaint and Amended Complaint, Plaintiff alleges that Defendants violated his Eighth, Ninth, and Fourteenth Amendment right to Due Process by failing to comply with prison policy.

For the following reasons, this Court recommends that Plaintiff's Complaint (#2) and Amended Complaint (#5) be DISMISSED with PREJUDICE for failure to state a claim for relief.  In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

## III.  Background

In 1993, Plaintiff legally changed his name from Alvin Jackson to Rahman X.  On August 7, 2008, Plaintiff received a major disciplinary.  On August 8, 2008, Defendant Franklin gave Plaintiff a copy of the major disciplinary and provided notice of his disciplinary hearing.  On August 13, 2008, Defendant Franklin re-served Plaintiff with a copy of the August 7, 2008 major disciplinary.  On August 14, 2008, Plaintiff appeared

for his disciplinary hearing, was found guilty, and was given thirty (30) days' punitive segregation.

The August 8, 2008 major disciplinary notice allegedly did not identify Plaintiff by his legal name, *i.e.*, Rahman X. Plaintiff alleges that Defendant Franklin's re-serving the major disciplinary violated his Due Process rights because the action violated prison policy AD 08-41. Plaintiff also alleges that Defendants Harris, Gibson, and Norris failed to investigate his disciplinary appeal.

## IV.   Discussion

### A.   *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, a plaintiff must plead facts with enough specificity so as "to raise a right to relief above the

3

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974. Even construing the Complaint in this case liberally, it fails to state a claim upon which relief may be granted.

      B.    *Due Process*

To prevail on a Fourteenth Amendment Due Process claim, Plaintiff must demonstrate that he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). The only cognizable interest claimed in this case is a liberty interest. Plaintiff, however, has no "federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Id.* at 847; *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Defendants' alleged failure to follow prison policy is not actionable under 42 U.S.C. § 1983.

Furthermore, as a general matter, a plaintiff has no liberty interest in remaining out of punitive segregation. Whether the Plaintiff in this case had such a liberty interest depends on whether he suffered an atypical and significant deprivation in relation to ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S.Ct. 2293 (1995). Plaintiff's thirty-day placement in punitive segregation was not an atypical or significant hardship. *Id.* at 486; see also *Phillips*, 320 F.3d at 847 (demotion to

segregation, even without cause, is not itself an atypical and significant hardship); *Rahman X v. Morgan*, 300 F.3d 970 (8th Cir. 2002). The Plaintiff is a death-row inmate. Thus, his disciplinary conviction did not affect the length of his confinement so as to implicate *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). He does not have a protected liberty interest in the disciplinary procedure that would entitle him to the procedural protections in *Wolff v. McDonnell*, 418 U.S. 539, 563-67, 94 S.Ct. 2963 (1974) (providing minimal Due Process for inmates when a disciplinary conviction would implicate a protected liberty interest).

Plaintiff's allegation that Defendants Harris, Gibson, and Norris failed to investigate his disciplinary appeal does not raise an actionable claim. Failure to follow state law and conduct an independent investigation does not implicate Plaintiff's federal Due Process rights. *Cass v. Clark*, 206 Fed.Appx. 608 (8th Cir. 2006) (*per curiam*) (citing *Phillips*, 320 F.3d at 847).

Plaintiff has failed to state a claim, even if Defendants failed to follow prison policy, as alleged. Accordingly, his complaint (#2) and amended complaint (#5) should be dismissed with prejudice.

## V. Conclusion

The Court recommends that Plaintiff's Complaint (#2) and Amended Complaint (#5) be DISMISSED WITH PREJUDICE. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District

Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 28th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE